IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HAROLD EVANS-GARCIA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 17-1553 (GAG)

## MEMORANDUM OPINION

Before the Court is Harold Evans-Garcia's motion to vacate and correct his sentence under 28 U.S.C. § 2255. (Docket No. 1).

Evans was convicted following a jury trial of aiding and abetting in an armed carjacking resulting in death, in violation of 18 U.S.C. §§ 2119(3) and 2, and possession of a firearm during and in relation to a crime of violence (i.e., the armed carjacking), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. (Crim Case No. 96-105). The Court originally sentenced Evans on October 15, 2001, to life imprisonment as to the carjacking count, plus a mandatory, consecutive 60-month sentence for the Section 924(c) count. Evans appealed, arguing the evidence presented at trial was insufficient to establish intent to cause death or serious bodily harm, as required by the federal carjacking statute. The First Circuit ultimately affirmed Evans's conviction and sentence. United States v. Evans-García, 322 F.3d 110, 114 (1st Cir. 2003). Evans later petitioned the Supreme Court of the United States

for a writ of certiorari, which was denied on November 17, 2003. See Evans-García v. United States, 540 U.S. 1027 (2003).

## I. Legal Analysis and Discussion

The Supreme Court in United States v. Davis, -- U.S. --, 139 S. Ct. 2319 (2019) struck down the residual clause in 18 U.S.C. § 924(c)(3)(B)'s "crime of violence" definition as unconstitutionally vague. Davis followed and relied on Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, -- U.S. --, 138 S. Ct. 1204 (2018), which had invalidated similar residual clauses.[1]

Davis involved section 924(c)(3)(B)'s residual clause, which was identically worded to that in Dimaya. Given Johnson and Dimaya, the Court stated that section 924(c)'s residual clause would also be void for vagueness if the categorical approach applied to it. However, if the clause permitted a conduct-based approach looking to the facts of the specific case, it would be valid. Davis thus focused on whether section 924(c)(3)(b) *requires* a categorical approach. Davis, 139 S. Ct. at 2327-33. The Court examined the text, context, and history of section 924(c)(3)(B), noting its use of language like "offense" and "by its nature" as well as its similarity and historical connection with the residual clause in section

---

[1] In Johnson, the Court struck down the Armed Career Criminal Act (ACCA)'s residual clause, which, under the categorical approach, requires courts to determine the conduct involved in the "ordinary case" of an offense and measure that against an indeterminate "serious" degree of risk. These two features in combination made the clause impossible to apply and violated due process. Similarly, Dimaya held that a straightforward application of Johnson invalidated section 16(b)'s residual clause, because it implemented the same flawed "ordinary case" approach.

**CASE NO. 17-1553 (GAG)**

16(b). Id. At 2330-31.  Based on those factors, the Court held that section 924(c)(3)(B) requires the categorical approach and is therefore invalid.

Davis, the Court of Appeals for the First Circuit held that federal carjacking — the putative predicate offense at issue here — is a "crime of violence" under the "force" clause of 18 U.S.C. § 924(c)(3)(A). United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018). Consequently, Evans' conviction is a "crime of violence" under the force clause. Defendant was not convicted or sentenced under section 924(c)(3)(B)'s residual clause, the provision that Davis held invalid.  Therefore, the Davis ruling is inapplicable to Defendant's sentence.  Petitioner's motion to vacate and correct his sentence under 28 U.S.C. § 2255. is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of June 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge